UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL BURNS,            Case No. 18-13637
    Plaintiff,

v.

MIDLAND FUNDING, LLC, ET AL.,       HON. AVERN COHN
    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS (DOCS. 9, 18, 24)

### I. INTRODUCTION

This is a debt collection case. Plaintiff, Samuel Burns ("Burns"), is suing Defendants: Midland Funding, LLC ("Midland"); Midland Credit Management, Inc. ("MCM"); Rancilio and Associates, Inc. (d/b/a Document Management Solutions) ("DMS"); George Shaw ("Shaw"),[1] and; Weltman, Weinberg & Reis Co. of Michigan (d/b/a Weltman, Weinberg & Reis Co., LPA) ("WWR"). Plaintiff's complaint states the following claims:

    Count 1: Fair Debt Collection Practices Act violations by DMS and Shaw
    Count 2: Fair Debt Collection Practices Act violations by Midland, MCM, and WWR
    Count 3: Michigan Collection Practices Act violations by DMS and Shaw
    Count 4: Michigan Collection Practices Act violations by Midland, MCM, and WWR
    Count 5: Michigan Occupational Code violations by all Defendants
    Count 6: Michigan Consumer Protection Act violations by all Defendants
    Count 7: Statutory and Common Law Conversion by Midland, MCM and WWR
    Count 8: Abuse of Process by all Defendants
    Count 9: Exemplary Damages against all Defendants

(Doc. 1).

---

[1] Defendant George Shaw has not filed an Answer, nor has any attorney filed an appearance on his behalf. Yet, Plaintiff has taken no action towards Defendant Shaw since the filing of the complaint. Accordingly, the Court will DISMISS George Shaw due to Plaintiff's failure to prosecute.

Defendants have moved to dismiss Burns' claims,[2] saying that he lacks standing. The Court agrees. For the reasons stated below, Defendants' motions (Docs. 9, 18, 24) are GRANTED.

## II. BACKGROUND
### A. The 36th District Court Action

This case arises from debt collection efforts relating to a debt owed by Plaintiff, Samuel Burns. Burns originally owed an outstanding credit card debt to Barclays, a British multinational investment bank. Midland Funding, LLC, (Midland), a distressed debt buyer, purchased the debt from Barclays. After purchasing the debt, Midland hired Weltman, Weinberg & Reis Co. of Michigan (WWR) to collect the debt.

WWR filed a complaint against Burns in Michigan's 36th District Court. (Case No. 17-108080). WWR hired Document Management Solutions (DMS) to serve Burns with the summons and complaint. DMS employed George Shaw (Shaw), who filed an affidavit with the 36th District Court that said he had served Burns with the complaint. However, Burns says that he was never served with the complaint and has evidence that Shaw's proof of service papers were fraudulent.

Due to Burns' failure to respond, the state court entered a default judgment against him. WWR began enforcing the default judgment by obtaining a bank levy against Burns. Burns says that this is when he first received any notice of the state court lawsuit.

---

[2] WWR filed a Motion to Dismiss (Doc. 9), Midland and MCM filed a Motion for Judgment on the Pleadings (Doc. 18), and DMS filed a Motion for Summary Judgment (Doc. 24). Although each motion makes (slightly) differing legal arguments, each raises the issue of Article III standing. Because the Court decides each motion on issue of standing, the Court will treat the motions together, as motions under Rule 12(b)(1).

Burns filed a motion with the state court to set aside the default judgment, saying that the service was fraudulent and never took place. The state court granted Burns' motion and set aside the default judgment because WWR failed to produce Shaw and were "unable to oppose Defendant's Motion." (Doc. 1, p. 73).  Further, WWR stated that they could not re-serve Burns because the summons had expired.  Accordingly, the District Court dismissed the case without prejudice.

### B. The 31st District Court Action

Midland filed another action, which sought to collect Burn's debt, with the 31st District Court. (Case No. 18-00025).  Here, Burns entered into a consent judgment for the full amount of the claim.

However, Burns takes issue with the way in which Midland generally files debt collection actions.  Burns says that Midland files affidavits that are based on inadmissible hearsay and fail to satisfy legal requirements.[3]  Further, Burns says that Midland does not possess adequate documentation/proof of the debt before filing lawsuits against debtors.  Essentially, Burns complains that he was bullied into signing a consent judgment, and that Midland's actions (and the actions of its attorneys, WWR) amount to fraud and conversion.

### III.   APPLICABLE LAW

Although Defendants seek dismissal (or judgment) under differing rules of civil procedure (Rule 12(b)(6), Rule 12(c), Rule 56), "a district court may, at any time, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) . . . ." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999).

---

[3] For example, Burns says that the affidavits are signed more than 10 days before filing, which violates MCL 600.2145.

3

Article III of the United States Constitution limits a court to "cases" and "controversies." Art. III, § 1. This "case or controversy" requirement has been interpreted to require three elements: (1) an injury in fact, (2) that is fairly traceable to the challenged conduct, and (3) the injury can be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 136 S.Ct. 1540, 1547 (2016).

Plaintiffs must allege an injury that is both "concrete and particularized." Id. at 1545. "Article III standing requires a concrete injury even in the context of a statutory violation." Id. at 1549. Thus, a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." Id. Defendants can violate a statute's procedural requirements without causing any harm. Id. at 1550.

## IV. ANALYSIS

Here, Burns has not satisfied Article III's injury requirement. Much of Burns' argument focuses on the 36th District Court fraudulent proof of service. However, even assuming that everything Burns says is true, no injury arose from that service because the 36th District Court vacated the default judgment and dismissed the case. Thus, Burns has already received a court remedy for the fraudulent service he complains about here.[4]

Further, Burns cannot relate an injury to his consent judgment in the subsequent 31st District Court case. Burns does not dispute the amount of the debt itself, nor does

---

[4] The only injury conceivably concrete is Burns' allegations that the wage garnishment led to the loss of his employment. However, Title III of the Consumer Credit Protection Act prohibits an employer from discharging an employee on the basis that their wages have been garnished. Burns cannot hold WWR, Midland, or MCM liable for the wrongful actions of his employer.

he dispute that the affidavit inaccurately stated the amount of the debt. Instead, Burns says that Midland filed the affidavit without being in possession of requisite supporting documentation. Even if this is true, Burns does nothing more than "allege a bare procedural violation, divorced from any concrete harm." Spokeo, 136 S.Ct. at 1549.

Burns consistently states that the unsupported affidavit "gives a false impression to the consumer . . . that Midland and/or WWR have the ability to prove the alleged debt through admissible business records and competent testimony of one of many affiants employed by Midland and MCM." (Doc. 1, p. 17); see also, (Doc. 20, p. 25). He then cites law that supports the notion that fraudulent filings are actionable under the FDCPA. The Court agrees that fraudulent filings can give rise to an Article III injury, however, the distinction here is that Burns does not contend that the filings were substantively false. Instead, Burns says that Midland did not have enough evidence of the debt within its possession at the time of filing.

The record shows that even if Midland had followed the procedure in which Burns says Midland must file affidavits, the outcome here would have been the same. If Midland had obtained more documentation and filed a properly supported affidavit, the parties would be in the same positions as they are now. This supports the Court's conclusion that Burns has suffered no injury.

The Court's conclusion is further supported by the caselaw cited by WWR. (Doc. 9). In Johnston v. Midland Credit Mgmt., 229 F.Supp.3d 625 (2017), a plaintiff sued to enforce a misprint on a debt collection document. The plaintiff alleged a generalized injury relating to the defendants' "false, deceptive and misleading collection letter." Id. at 630. The court, relying on Sixth Circuit precedent, held that the injury alleged was not

5

sufficiently concrete because the plaintiff did nothing more than "allege a bare procedural violation, divorced from any concrete harm." Id. at 630 (quoting Spokeo, 136 S.Ct. at 1549). Because the procedural violation did not "change the fact that Plaintiff owed the full amount of the debt at issue," the court found there was no injury-in-fact. Id. at 629.

Another case cited by WWR, that the Court finds instructive, is Cheslek v. Asset Acceptance Captial Corp., No. 16-1183, 2017 WL 7370983 at * 3 (W.D.Mich. Dec. 22, 2017). In Cheslek, after similarly discussing the plaintiff's inability to "rest on a mere procedural violation of a statutory right to establish standing," the court addressed the plaintiff's alleged injuries of "stress and costs." Id. The court held that the injuries of emotional damages and related costs were insufficient, and that "any stress or expenses he incurred would have been the result of having to defend a lawsuit that was properly filed to collect the [] debt that Plaintiff failed to pay." Id. Here, Burns alleges similar emotional damages that the Court finds are insufficient to evidence an Article III injury-in-fact.

## V.  CONCLUSION

Because Burns has not suffered a concrete injury, *all* his claims DISMISSED[5] and this case is CLOSED.

SO ORDERED.

                                          s/Avern Cohn
                                          AVERN COHN
                                            UNITED STATES DISTRICT JUDGE

Dated:  7/10/2019
Detroit, Michigan

---

[5] Instead of relating specific, concrete injuries to each of his 9 claims, Burns filed a 119-paragraph complaint that repeats itself and offers generalized references to his alleged injuries. See, e.g., (Doc. 1, p. 23) ("As a direct and proximate result of said Defendants' conduct, Plaintiff suffered the damages hereinbefore set forth."). None of Burns' claims survive the conclusion that he has not suffered an injury.