UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL BURNS,  
    Plaintiff,

Case No. 18-13637

v.

MIDLAND FUNDING, LLC, ET AL.,  
    Defendants.  
_____/

HON. AVERN COHN

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 36)

### I. INTRODUCTION

This is a debt collection case. Before the Court is Plaintiff's motion for reconsideration. (ECF No. 36).

E.D. Mich. LR 7.1(h)(3), governing motions for reconsideration, provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

There is no good reason to grant reconsideration. For the reasons that follow, Plaintiff's motion is **DENIED**.

### II. ANALYSIS

Plaintiff makes three arguments in the motion for reconsideration. First, Plaintiff argues that the Court erred when it found that Defendants were not legally responsible for any economic harm Plaintiff incurred from being terminated from his job. Plaintiff says that he was not terminated by his employer, rather, forced to resign due to the

"unlawful" bank levy, because he did not have the financial resources to travel to and from work. (ECF No. 36). Clearly, Defendants were not legally responsible for Plaintiff's decision to resign from his job. Any factual error the Court made was harmless.

Additionally, the bank levy was not "unlawful." Plaintiff had a valid judgment entered against him by the 36th District Court. That the judgment was later set aside does not render the original judgment unlawful.

Second, Plaintiff argues the Court erred when it determined that Plaintiff's successful motion to set aside default judgment effectively redressed Defendants' fraudulent service. Plaintiff says he incurred time and monetary expenses defending the lawsuit and that even a small loss of money and the "aggravation and loss of value of time needed to set things straight" is sufficient to confer Article III standing, citing <u>Demarais v. Gurstel Chargo, P.A.</u>, 869 F.3d 685 (8th Cir. 2017) (ECF No. 36, PageID.1417). In <u>Demarais</u>, however, the defendants were attempting to collect a debt the plaintiff did not owe, noting that "Congress created a statutory right to be free from attempts to collect debts not owed." <u>Id</u>. at 692. Here, Plaintiff does not dispute the amount of debt owed. Thus, <u>Demarais</u> is not analogous.

Third, Plaintiff argues that the Court erred in dismissing his claims for common law and statutory conversion, inasmuch as neither common law nor statutory conversion is "cured" by a subsequent return of the converted property. Plaintiff relies on <u>Bensmiller v. Elias Bros. Rest</u>, 1997 WL 33343875, at *3 (Mich. Ct. App. Oct. 31, 1997), where the court determined that because the garnishment was wrongful, the trial court erroneously dismissed the plaintiff's claims for conversion. In <u>Bensmiller</u>, however, the garnishment was deemed wrong because no judgment had been entered against the plaintiff when

2

the defendant garnished plaintiff's wages and exercised dominion over his property. Here, the 36th District Court had entered a valid judgment against Plaintiff when Defendants obtained the bank levy. That the judgment was later set aside does not render Defendants attempt to collect the judgment "wrongful."

### III. CONCLUSION

For the reasons stated above, Plaintiff's motion for reconsideration is **DENIED**.

SO ORDERED.

                                      s/Paul D. Borman
                                      Presiding U.S. District Judge for
                                      Avern Cohn
                                      U.S. District Judge

Dated: 12/19/2019
Detroit, Michigan